IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTINA MENZEL,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Civil Action No.: 1:22-cv-01365

Judge Ronald A. Guzman

Magistrate Judge Gabriel A. Fuentes

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' RESPONSES IN OPPOSITION TO MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff, CHRISTINA MENZEL ("Menzel" or "Plaintiff"), submits the following Motion to Strike Defendants' Responses in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction, Dkt. Nos. [23], [27], [30], and [33][1].

**BACKGROUND**

Plaintiff filed this action on March 15, 2022 [1]. On March 17, 2022, this Court entered a Temporary Restraining Order[2] ("TRO") enjoining Defendant's offering for sale of infringing Christina Menzel products and restraining funds in Defendants' Amazon accounts. [15].

On March 31, 2022, Defendant No. 2, Wirziis (✈✈6-12 Days Delivery ✈✈) ("Wirziis" or "Defendant No. 2" or "Defendant No. 2 Wirziis") filed its Objection to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction Order (the "Wirziis Opposition"). *See* [23] ("Defendant No. 2's Objection").

On April 4, Defendant No. 9 asntrgd and Defendant No. 55 Echoollly filed pro se appearance forms [26] and [31] and their Opposition to Plaintiff's Motion for Preliminary

---

[1] Plaintiff intends to respond to Defendant No. 2 Wirziis' Opposition in a separate motion if it is not stricken. Plaintiff does not intend to waive any substantive or procedural arguments as they pertain to Defendant No. 2's motion [23].
[2] The TRO was subsequently Extended on March 24, 2022 [22].

Injunction Order and Temporary Restraining Order [27], as well as a declaration in support [28] (collectively, the "asntrgd and Echoolly Opposition").

Also on April 4, Defendant No. 3 Meikosks filed its pro se appearance form [29] and Opposition to Injunction [30] (collectively, the "Meikosks Opposition").

On April 6, Defendant No. 19 Japceit (5-10Days Delivery) filed its opposition to Plaintiff's Motion for Preliminary Injunction [33] (the "Japceit Opposition").

These Defendants are owned by companies while appearing pro se. Plaintiff respectfully asks the Court to require Defendants to obtain US counsel.

Since Defendants' Oppositions raise similar concerns, and for purposes of efficiency, Plaintiff hereby moves to strike all the Defendants' Oppositions.

### ARGUMENT

Plaintiff continues to satisfy all the elements required for a Preliminary Injunction, including showing a strong likelihood of success on the merits and irreparable harm. *See* [15]. Additionally, the balance of harms remains in Plaintiff's favor. Without the asset restraint in place, Defendants are likely to move any restrained assets offshore and Plaintiff would be prevented from realizing its right to final equitable relief of an accounting of profits. Plaintiff has good cause to suspect that all of the defendants who have opposed Plaintiff's motion for a preliminary injunction are all in fact owned or operated by companies. Accordingly, Plaintiff requests that this Court strike Defendants' Oppositions [23], [27], [30], and [33].

i. **Defendants' Oppositions Should Be Stricken Because the Defendants are all companies**

As this Court has previously recognized, "Pro se filers can represent themselves and their sole proprietorships, but they cannot represent others, or entities like corporations, partnerships, or limited liability companies." *CamelBak Products, LLC v. The Partnerships and Unincorporated*

*Associations Identified on Schedule "A"*, No. 20-cv-01542 (N.D. Ill. Sept. 14, 2020) (Guzman, J.) (citing *United States v. Hagerman*, 545 F.3d 579, 581−82 (7th Cir. 2008)).

    *1. Defendant No. 2 Wirziis*

    Defendants Wirziis appeared in Court on April 5 claiming to be an individual.

    The Wirziis Opposition consists only of pro se argument with no foundation or supporting declaration. *See Medallion Prods. v. McAlister*, 2008 U.S. Dist. LEXIS 80550, at *8 (N.D. Ill. Oct. 9, 2008) ("As it must, the court has disregarded any unsupported factual statements")(internal citations omitted).

    Wirziis makes the unsupported statement that it is owned and operated by an individual. However, Defendant Wirziis appears to have registered a United States Trademark for the term "Wirziis" and appears to be connected to SHENZHEN YANGZHONGXUAN TRADING CO., LTD., which is the company that registered the trademark. Attached hereto as **Exhibit 1** is the trademark registration certificate and trademark assignment for the Wirziis trademark. Defendant No 2 Wirziis also made sure to alert the Court that his new store name is YUNIAO. Upon further investigation, this Amazon storefront was registered on Amazon by a company with the name Guangzhou LAI ya FuZhuangyou XianGong SI. *See* **Exhibit 3** at 5, attached hereto, which contains screenshots of each defendant's Amazon stores and the respective companies that operate them.

    Additionally, while Defendants Oppositions do not specifically mention it, Plaintiff's ongoing investigation has revealed that all of these stores appear to be related to each other, and that at least YUNIAO (the current name of Defendant No. 2's Amazon store) is still selling products that infringe Plaintiff's registered copyrights as of the time of filing of this motion:



Accordingly, Defendant No. 2's Opposition should be denied or stricken, and Defendant No. 2 should not be allowed to represent itself as pro se.

*2. Defendant No. 3 Meikosks*

Defendant No. 3 Meikosks also appears to be a company that is attempting to represent itself pro se in front of this court. According to subpoenaed data from Amazon, Defendant No. 3 Meikosks is operated by SHENZHENSHI meiduoshipin youxiangongsi, which translates roughly to Shenzhen city mei duo food limited Co. Ltd. The Amazon store Meikosks currently lists the company shenzhenshiruidichuangwanjuyouxiangongsi as its business name, which translates roughly to Shenzhen Ruidi Bed Toys Co., Ltd. *See* **Exhibit 3** at 4. As this Court has previously

4

recognized in *CamelBak Products, LLC*, No. 20-cv-01542 (N.D. Ill. Sept. 14, 2020), this Defendant should not be allowed to represent itself pro se. Accordingly Plaintiff respectfully requests that this Court strike the Meikosks Opposition [30].

*3. Defendant No. 19 Japceit (5-10Days Delivery)*

Defendant No. 19 Japceit (5-10Days Delivery) also appears to be a company that is attempting to represent itself pro se in front of this court. According to subpoenaed data from Amazon, Defendant No. 19 Japceit (5-10Days Delivery) is operated by guangzhouliangrongmaoyiyouxiangongsi, which translates roughly to Guangzhou Liangrong Trading Co., Ltd. *See* **Exhibit 3** at 3. As this Court has previously recognized in *CamelBak Products, LLC*, No. 20-cv-01542 (N.D. Ill. Sept. 14, 2020), this Defendant should not be allowed to represent itself pro se. Accordingly Plaintiff respectfully requests that this Court strike the Japceit Opposition [33].

*4. Defendant Nos. 9 asntrgd and 55 Echoolly*

According to subpoenaed information from Amazon, Defendant No. 55 Echoollly is operated by GUANGZHOUHUAANCHANGJINGPINYOUXIANGONGSI, which translates roughly to Guangzhou Hua'an Chang Boutique Co., Ltd. *See* **Exhibit 3** at 6. Additionally, Defendant No. 9 asntrgd provided the business name of GUANGZHOUXINGROUFUSHIYOUXIANGONGSI to Amazon, which translates roughly to Guangzhou Xingrou Clothing Co., Ltd. *See* **Exhibit 3** at 2. As this Court has previously recognized in *CamelBak Products, LLC*, No. 20-cv-01542 (N.D. Ill. Sept. 14, 2020), these Defendants are companies, and should not be permitted to represent themselves pro se. Accordingly, Plaintiff respectfully requests that this Court strike the asntrgd and Echoolly Opposition [27] and its accompanying declaration [28].

5

ii. **Despite Appearing by Different Names, the Defendant Stores Are Jointly Owned**

Defendant No. 2 Wirziis (Now "YUNIAO" and appearing in Court as Liu Hai Tao) bluntly represented to the Court that its store was operated by an individual. However, Defendant Wirziis failed to mention that it is associated with the other stores who have filed oppositions in this case. For example, Defendant No. 9 asntrgd is associated with Wirziis and YUNIAO despite filing a declaration under penalty of perjury that Defendant does not "have an association with any other defendants in this case" [28] at ¶ 5. Adding to the deceptiveness of defendants' actions, they have changed their store names to read "Amazon.com" for several of their stores to dupe consumers into thinking they are buying products directly from Amazon.com. Plaintiff's ongoing investigation reveals that Defendant No. 2 Wirziis, Defendant No. 9 asntrgd. and Defendant No. 55 Echoollly appear to be jointly owned.

Excerpted below is a screenshot of Defendant No. 9 asntrgd's[3] Amazon store brands:



---

[3] Attached hereto as **Exhibit 2** is a true and correct copy of the trademark registration certificate for Defendant No. 9 asntrgd.

Additionally, according to subpoenaed information from Amazon, Defendant No. 55 Echoollly is operated by GUANGZHOUHUAANCHANGJINGPINYOUXIANGONGSI, which translates roughly to Guangzhou Hua'an Chang Boutique Co., Ltd. *See* **Exhibit 3** at 6. As this Court has previously recognized in *CamelBak Products, LLC*, No. 20-cv-01542 (N.D. Ill. Sept. 14, 2020), these Defendants should not be permitted to represent themselves pro se. For the Court's convenience, a list of the company names and addresses that Defendants provided to Amazon are collected in **Exhibit 3**.

## CONCLUSION

Because these five defendants filed similar oppositions within a few days of each other, the oppositions appear use similar fonts, the defendants essentially argue the same things, and the fact that these stores all appear to sell numerous products that infringe Plaintiff's registered copyrights, and all of the stores appear to be operated by one or more companies, Plaintiff respectfully requests that this court strike Defendants' Oppositions [23], [27], [30], and [33] and enter the Preliminary Injunction against these Defendants.

DATED: April 6, 2022

Respectfully submitted,

*/s/Keith A. Vogt*
Keith A. Vogt (Bar No. 6207971)
Keith Vogt, Ltd.
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 6, 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification to all registered attorneys and parties of record.

                                                 /s/ *Keith A. Vogt*
                                                 Keith A. Vogt