IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA MENZEL, | Civil Action No.: 1:22-cv-01365 |
| Plaintiff, | Judge Ronald A. Guzman |
| v. | Magistrate Judge Gabriel A. Fuentes |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION
AS TO DEFENDANT ZHANG QI**

**THIS CAUSE** came before the Court upon Plaintiff's, CHRSTINA MENZEL ("Menzel" or "Plaintiff"), Motion for Consent Final Judgment and Permanent Injunction (the "Motion"). The Court has carefully considered the Motion, the record in this case, and the applicable law, and is otherwise fully advised.

Plaintiff and Defendant Zhang Qi, who is the sole proprietor that owns and operates the e-commerce stores identified on Schedule A of the Complaint as Defendant No. 17 Kanzd(7-15 Day Delivery) and Defendant No. 51 kcdigr 7-15 days delivery with a physical personal and business address of Zone 9, yifangcheng, Donghuan 1st Road, Longhua District,Shen Zhen, China, with a telephone number of 86-131-2045-1121, and an e-mail address of selleramzzhang@yeah.net ("Zhang Qi" or "Defendant") (collectively the "Parties") stipulate and consent to the following:

WHEREAS, Defendant adopted and began using infringing versions of Plaintiff's registered copyrights in the United States that violate the exclusive rights granted by CHRISTINA MENZEL's registered copyrights, which are protected by U.S. Copyright Registration Nos. VA

2-279-322; VA 2-279-329; VA 2-279-332; VA 2-279-328; VA 2-279-321; VA 2-279-325; VA 2-279-326; VA 2-279-324 and VA 2-281-022 (collectively, the "Christina Menzel Works");

WHEREAS, CHRISTINA MENZEL filed the complaint against Defendant on March 15, 2022, alleging Copyright Infringement 17 U.S.C §501(a) (Count I);

WHEREAS, based upon CHRISTINA MENZEL's registration of the Christina Menzel Works, CHRISTINA MENZEL has superior and exclusive rights to the Christina Menzel Works;

WHEREAS, Defendant's use of derivative works that incorporate Plaintiff's Christina Menzel Works is likely to cause confusion as to source of origin;

WHEREAS, Defendant used the Christina Menzel Works without authorization;

WHEREAS, the parties desire to settle and amicably resolve their dispute without the need for further litigation;

WHEREAS, Defendant has consented to entry of this Consent Judgment without trial or adjudication of any issue of fact or law and to waive any appeal if the Consent Judgment is entered as submitted by the parties;

WHEREAS, Defendant, by entering into this Consent Judgment, does not admit any allegations other than those facts of the Complaint deemed necessary to the jurisdiction of this Court and the facts set forth in;

WHEREAS, the intention of CHRISTINA MENZEL in effecting this settlement is to remediate harms resulting from the unlawful conduct of Defendant;

NOW THEREFORE, without trial or adjudication of issues of fact or law, without this Consent Judgment constituting evidence against Defendant except as otherwise noted, and upon consent of Defendant, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that it is therefore **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Plaintiff's Motion is **GRANTED**. Judgment is entered in favor of Plaintiff CHRISTINA MENZEL and against Zhang Qi who is the sole proprietor that owns and operates the e-commerce stores identified on Schedule A of the Complaint as Defendant No. 17 Kanzd(7-15 Day Delivery) and No. 51 kcdigr 7-15 days delivery with a physical personal and business address of Zone 9, yifangcheng, Donghuan 1st Road, Longhua District,Shen Zhen, China, with a telephone number of 86-131-2045-1121, and an e-mail address of selleramzzhang@yeah.net .

2. Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. Using the Christina Menzel Works, or any reproductions, infringing copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine CHRISTINA MENZEL Product or not authorized by CHRISTINA MENZEL to be sold in connection with the Christina Menzel Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine CHRISTINA MENZEL Product or any other product produced by CHRISTINA MENZEL, that is not CHRISTINA MENZEL's or not produced under the authorization, control or supervision of CHRISTINA MENZEL and approved by CHRISTINA MENZEL for sale under the Christina Menzel Works;

   c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of CHRISTINA MENZEL, or are sponsored by, approved by, or otherwise connected with CHRISTINA MENZEL;

    d. further infringing the Christina Menzel Works and damaging CHRISTINA MENZEL's goodwill;

    e. otherwise competing unfairly with CHRISTINA MENZEL in any manner;

    f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for CHRISTINA MENZEL, nor authorized by CHRISTINA MENZEL to be sold or offered for sale, and which bear any of the Christina Menzel Works, or any reproductions, infringing copies or colorable imitations thereof;

    g. using, linking to, transferring, selling, exercising control over, or otherwise owning the online marketplace account or any other online marketplace account that is being used to sell or is the means by which Defendant could continue to sell Infringing Products; and

    h. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Christina Menzel Works or any reproductions, infringing copies or colorable imitations thereof that is not a genuine CHRISTINA MENZEL Product or not authorized by CHRISTINA MENZEL to be sold in connection with the Christina Menzel Works.

3. Those in privity with Defendant and with actual notice of this Order, including any online marketplaces such as, but not limited to, Amazon Payments, Inc ("Amazon"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, shall within three (3) business days of receipt of this Order:

    a. disable and cease providing services for any accounts through which Defendant engage in the sale of infringing goods using the Christina Menzel Works, including any accounts associated with the Defendant;

    b.    disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods using the Christina Menzel Works; and

    c.    take all steps necessary to prevent links to the Defendant from displaying in search results.

4.    Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorney's fees, costs, and such other relief deemed proper in the event of a violation of failure by Defendant to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

5.    Each party shall bear its own attorney's fees and costs.

6.    This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment.

7.    Amazon Payments, Inc ("Amazon") or other merchant account providers, payment providers, third party processors, within three (3) business days of receipt of this Order, shall (1) disburse any restrained funds of Defendant pursuant to the TRO [15] as directed by Plaintiff's counsel; and (2) upon transfer of the funds to Plaintiff as required herein, Amazon shall remove any restrains that were placed on Defendant's ecommerce store identified on Schedule A to the Complaint as No. 17 Kanzd(7-15 Day Delivery) and Defendant No. 51 kcdigr 7-15 days delivery pursuant to the TRO [15].

8.    The undersigned are authorized to execute this Consent Judgment and have read, understood, and agree to all the terms and conditions contained herein.

| AGREED TO: | AGREED TO: |
|---|---|
| Date: __May 3, 2022__ | Date: May 3, 2022 |
| By: /s/ Keith A. Vogt | By: Zhang Qi |
| Keith A. Vogt (Bar No. 6207971)<br>Keith Vogt, Ltd.<br>33 W Jackson Blvd, #2W<br>Chicago, Illinois 60604<br>Telephone: 312-971-6752<br>E-mail: keith@vogtip.com<br>***Attorney for Plaintiff, CHRISTINA MENZEL*** | Zhang Qi. the sole proprietor that owns and operates the Defendant stores identified on Schedule A of the Complaint as No. 17 Kanzd(7-15 Day Delivery) and Defendant No. 51 kcdigr 7-15 days delivery<br>Address: Zone 9, yifangcheng, Donghuan 1st Road, Longhua District,Shen Zhen, China<br>Telephone: 86-131-2045-1121<br>E-mail: selleramzzhang@yeah.net |

Dated: May 4, 2022

_____
United States District Court Judge